**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Kianna Gardner, individually and on behalf of all others similarly situated, | ) | 1:22-cv-01272 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| - against - | ) | |
| | ) | |
| Ferrara Candy Company, | ) | |
| | ) | |
| Defendant | ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

**AMIN TALATI WASSERMAN, LLP**

William P. Cole *(pro hac vice pending)*
Matthew R. Orr *(pro hac vice pending)*
515 South Flower Street, 18th Floor
Los Angeles, CA 90071
Telephone: (213) 933-2330
Facsimile: (312) 884-7352

Sanjay S. Karnik
Illinois Reg. No. 6300156
100 S. Wacker Dr., Suite 2000
Chicago, IL 60606
Telephone: (312) 327-3327
Facsimile: (312) 884-7352

*Attorneys for Defendant Ferrara Candy Company*

# I.   INTRODUCTION

This so-called "false advertising" case does not involve any false representation at all. Instead, Plaintiff makes the implausible claim that when consumers purchase a $2 box of Nips hard candy, they are misled to believe the candy contains more than a "de minimis" amount of "milk fat", even though the packaging never refers to "milk fat" at all and says nothing about the amount of milk fat.

Plaintiff fails to plead any facts plausibly establishing that reasonable consumers would be misled. Not only does the product label never refer to "milk fat," Plaintiff admits the Nips candy *does* contain milk fat, and she does not allege any standard whatsoever for determining how much "milk fat" is or is not "de minimis" in a hard candy like Nips. Because she does not plausibly allege deception, the entire Complaint fails as a matter of law.

Many of Plaintiff's claims also fail for additional reasons:

- **Breach of contract**: Plaintiff fails to allege the existence of any contract with Defendant. She purchased the product from Walmart, not Defendant.

- **Warranty claims:** Plaintiff fails to allege privity or pre-suit notice.

- **Magnuson Moss Warranty Act**: The Court lacks subject matter jurisdiction over this claim. The aim also fails for the same reasons as the state-law warranty claims.

- **Negligent Misrepresentation**: This claim is barred by the economic loss doctrine.

- **Fraud**: Plaintiff fails to adequately plead scienter.

- **Injunctive relief**: Plaintiff lacks standing to pursue injunctive relief because she fails to allege an actual and immediate threat of future harm.

- **Multi-State Claims**: Plaintiff lacks standing to pursue the claims of out-of-state class members under other states' laws.

## II.     PLAINTIFF'S ALLEGATIONS

Defendant Ferrara Candy Company manufactures and markets a hard candy called Nips. (Dkt. 1 [Complaint], ¶ 1.) Nips candy comes in various flavors, like Coffee, Chocolate Parfait, and Caramel. This case concerns the Caramel flavor, which bears the following front packaging (hereafter, the "Product"):



(*Id.* ¶ 1.)

The Product's back label includes the following ingredient list:  Corn Syrup, Sugar, Reduced Fat Milk (Milk, NonFat Milk), Hydrogenated Coconut Oil, Whey, and less than 1% of Salt, Mono- and Diglycerides, Natural Flavors, Soy Lecithin. Contains Milk and Soy. May contain Peanuts. (Declaration of Michelle Rodriguez ("Rodriguez Decl.") Ex. 1.)[1] Plaintiff alleges the Product sells for around $2.39. (Dkt. 1 ¶ 42.)

---

[1] In her Complaint, Plaintiff mistakenly included the ingredient list from the Nips Coffee variety, not the Caramel variety. (*See id.* ¶ 23.) The Court may consider the correct rear labeling of the Nips Caramel hard candy under the doctrine of incorporation by reference. *See Brownmark Films LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) (if a plaintiff mentions a key document in his complaint, the defendant may then submit the document for the court's consideration on a Rule 12(b)(6) motion); *Rosenblum v. Travelbyus.com*, 299 F.3d 657, 661–62 (7th Cir. 2002).

Plaintiff lives in Chicago, Illinois. (*Id.* ¶ 51.) She alleges that between December 30, 2021 and January 30, 2022, she purchased the Product on "one or more occasions" at "stores including Walmart." (*Id.* ¶ 58.) She claims that the statements "Rich & Creamy" and "Caramel" on the Product packaging cause consumers "to expect a confection with a non-*de minims* [sic] amount of milk fat." (*Id.* ¶ 2.) She claims she "was disappointed because she believed the Product contained more than a de minimis amount of dairy ingredients with milk fat." (*Id.* ¶ 62.)

Plaintiff admits the Product does contain milk fat. (*See id.* ¶¶ 23-25.) The Product contains whole milk and whey. (*Id.* ¶ 24; Rodriguez Decl., Ex. 1.) But Plaintiff mixes apples and oranges: she alleges that "[s]cholarly treatises" define "caramel[s]" as a "*soft*, dense, *chewy* candy made by boiling a mixture of milk or cream, sugar(s), glucose, butter, and vanilla (or vanilla flavoring)." (*Id.* ¶ 9, emphasis added.) As stated on the front packaging, however, Nips is not a soft, chewy candy—it is a *hard* candy (that, in one of its varieties, comes with a caramel *flavor*).

Plaintiff, of course, does not cite any regulatory standard for how much milk fat (if any) a hard candy is "supposed" to have. She does not allege what line supposedly separates a "de minimis" amount of milk fat from a "non-de minimis" amount of milk fat in a candy like Nips (or in any other candy, for that matter). And she certainly does not allege any factual basis for the fanciful notion that ordinary consumers have any expectation *at all* as to what quantity of milk fat is contained within Nips, let alone as to what quantity is "non-de minimis."

Plaintiff alleges that, had she known the milk fat was "de minimis," she would not have purchased the Product or would have paid less for it. (*Id.* ¶ 64.) She brings the following claims on behalf of a class of Illinois consumers: (1) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1; (2) breach of contract; (3) breach of express warranty; (4) breach of implied warranty; (5) Magnuson Moss Warranty Act, 15 U.S.C.

§§ 2031, *et seq.*; (6) negligent misrepresentation; (7) fraud; and (8) unjust enrichment. On behalf of a separate class of "[a]ll person in the States of Arkansas, Iowa, Michigan, Wyoming, Montana, Nebraska, Virginia, Georgia, and West Virginia," she also asserts a claim for violation of the "Consumer Fraud Acts" of those states (without ever identifying any particular statute of any such state). (*Id.* ¶¶ 69, 83.) Plaintiff does not allege that she resides in, or has ever purchased the Product in, Arkansas, Iowa, Michigan, Wyoming, Montana, Nebraska, Virginia, Georgia or West Virginia.

## III.    PLEADING STANDARDS

The court must dismiss a claim if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 8. Rule 8 demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). The complaint must state sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility only if the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678.

The court does not accept as true "legal conclusions," "labels and conclusions" or a "formulaic recitation of the elements of a cause of action[.]" *Iqbal*, 556 U.S. at 678. A "naked assertion" devoid of "further factual enhancement" does not suffice. *Id.* (citation omitted). "Additionally, evaluating whether a plaintiff's claim is sufficiently plausible to survive a motion to dismiss is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *BCBSM, Inc. v. Walgreen Co.*, 512 F.Supp.3d 837, 849-850 (N.D. Ill. 2021) (citation omitted).

## IV.    ARGUMENT

### A.  The ICFA Claim Fails Because Plaintiff Does Not Plausibly Allege Deception.

A violation of the ICFA, ILCS 505/2, occurs when (1) there is a deceptive act or practice by the defendant; (2) the defendant intends that the plaintiff rely on the deception; (3) the deception occurs in the course of conduct involving trade or commerce; (4) there is actual damage to the plaintiff; and (5) the deception proximately caused the damages. *De Bouse v. Bayer AG*, 235 Ill.2d 544, 550 (2009); *Zahora v. Orgain, LLC*, No. 21 C 705, 2021 WL 5140504, at *3 (N.D. Ill. Nov. 4, 2021). An ICFA claim must meet the heightened pleading standard of Rule 9(b). *Davis v. G.N. Mortgage Corp.*, 396 F.3d 869, 883 (7th Cir. 2005).

Under the ICFA, a statement is deceptive if it is likely to deceive reasonable consumers. *Barbara's Sales, Inc. v. Intel Corp.*, 227 Ill.2d 45, 76 (2007); *Geske v. PNY Technologies, Inc.*, 503 F.Supp.3d 687, 705 (N.D. Ill. 2020). This requires more than the mere possibility that a label might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner; the reasonable consumer standard requires a probability that a significant portion of the general consuming public, acting reasonably in the circumstances, could be misled. *Geske*, 503 F.Supp.3d at 705. "[T]he allegedly deceptive [statement] must be looked upon in light of the totality of the information made available to the plaintiff." *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 646 (7th Cir. 2019) (citation omitted); *accord Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 884 (7th Cir. 2005).

On motions to dismiss, courts regularly analyze whether a plaintiff has plausibly alleged reasonable consumers would be misled. *See, e.g., Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d. Cir. 2013) ("It is well settled that a court may determine as a matter of law that an allegedly deceptive advertisement [or label] would not have misled a reasonable consumer."); *Zahora*, 2021

WL 5140504, at *3; *Zarinebaf v. Champion Petfoods USA Inc.*, No. 18 C 6951, 2019 WL 3555383, at *6 (N.D. Ill. July 30, 2019). "[W]here plaintiffs base deceptive advertising claims on unreasonable or fanciful interpretations of labels or other advertising, dismissal on the pleadings may well be justified." *Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 477 (7th Cir. 2020).

Looking at the packaging at issue here, Plaintiff does not come close to plausibly alleging a probability that a significant portion of ordinary consumers, acting reasonably in the circumstances, would be misled. The notion defies common sense. First, the packaging never even uses the words "milk fat." Second, the packaging never states there is a particular *amount* of milk fat in the candy and never compares any such amount to any other source of fat in the candy. Third, it is undisputed that, in any event, the Product does contain milk fat. The ingredient list discloses the candy contains whole milk. Fourth, for any consumer who actually cares, the ingredient list plainly states the product also contains coconut oil.

Fifth, the "Rich & Creamy" statement on the label obviously is not actionable. An advertising claim is mere puffery—as opposed to a verifiable representation of fact—when it is so vague, subjective, or meaninglessly general as to preclude consumer reliance. *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246 (9th Cir. 1990); *Am. Italian Pasta Co. v. New World Pasta Co.*, 371 F.3d 387, 391-94 (8th Cir. 2004). Whether the Nips hard candy tastes "rich" or "creamy" is a matter of subjective taste; it is not a specific or measurable claim. Plaintiff doesn't even allege that the Product did not taste "rich" and "creamy" to her. But even if she had, she certainly does not allege any measurable standard for determining whether a hard candy does or does not have a "rich" flavor or a "creamy" texture.

Sixth, Plaintiff also never alleges that the Nips candy does not, in fact, have a "caramel" flavor (as opposed, for example, to a coffee or chocolate flavor). She also fails to allege *any* facts

plausibly establishing that reasonable consumers would interpret the mere word "caramel," in the context of this hard candy and its packaging, as a promise of some particular *proportion* of milk fat vis-à-vis other fats. The notion is beyond fanciful. In any event, her conclusory allegation that the milk fat in the Nips is "de minimis" is a "naked assertion." *Iqbal*, 556 U.S. at 678. She claims that 10 percent of the Product's fat is supplied by milk fat, but even assuming her math is correct, she fails to allege any facts establishing that 10 percent is "de minimis" when it comes to milk fat, let alone that ordinary consumers have any understanding or expectation at all in that regard. She just makes the naked assertion.

Courts have repeatedly dismissed similar claims at the pleading stage. For example, in *Floyd v. Pepperidge Farm, Inc.*, the plaintiff (represented by the same counsel as Plaintiff here) alleged that the name of Pepperidge Farm's "Golden Butter" crackers was misleading "because the crackers contain vegetable oils in addition to butter." --- F.Supp.3d ---, No. 21-cv-525-SPM, 2022 WL 203071, at *1 (S.D. Ill. Jan. 24, 2022). The court granted a motion to dismiss the complaint, observing that because the crackers did contain butter, "the word 'butter' [in the product name] is descriptive and not false." *Id.* at *4.

In *Chiappetta v. Kellogg Sales Company*, No. 21-CV-3545, 2022 WL 602505 (N.D. Ill. Mar. 1, 2022), the plaintiff (also represented by the same counsel as Plaintiff here) alleged that the packaging of Kellogg's Unfrosted Strawberry Pop-Tarts "is misleading because it 'give[s] consumers the impression the fruit filling contains only strawberries and/or more strawberries than it does.'" *Id.* at *1 (citation omitted). The court dismissed the complaint, holding that "no reasonable consumer could conclude that the filling contains a certain amount of strawberries based on the package's images and its use of the term 'Strawberry.'" *Id.* at *4. The court explained: "The front packaging does not state or suggest anything about the amount of strawberries in the

Product's filling or guarantee that the filling contains only strawberries, and Chiappetta concedes that the filling contains some strawberries. *Id.* at *5. Accordingly, Chiappetta's interpretation of the label is unreasonable and unactionable." *Id.*; *see also Solak v. Hain Celestial Group, Inc.*, No. 17-CV-0704, 2018 WL 1870474, at *3 (N.D.N.Y. Apr. 17, 2018) ("By labeling the Product 'Veggie' straws, Defendant makes no claim as to the amount or proportion of 'Veggie' products incorporated in the Straws.").

As in *Floyd* and *Chiappetta*, Plaintiff's naked assertions do not plausibly establish any deception. The ICFA claim fails as a matter of law.

## B. Plaintiff's Ancillary Claims Also Fail as a Matter of Law

Because she has failed to plausibly allege any misrepresentation (as already explained), all of Plaintiff's remaining causes of action also fail. *See, e.g., Chiappeta*, 2022 WL 602505, at *5 (dismissing warranty claims for same reason as ICFA claim: failure to plausibly allege a misrepresentation); *Floyd*, 2022 WL 203071, at *6; *Zahora*, 2021 WL 5140504. at *5 (absent a plausible allegation of deception, the plaintiff's "remaining claims must also be dismissed").

However, Plaintiff's other claims also fail for additional reasons.

### 1. The breach of contract claim fails because Plaintiff does not allege any contract with Defendant.

"To state a claim for breach of contract, the plaintiff must allege: the existence of a valid and enforceable contract; performance by the plaintiff; breach of the contract by the defendant; and resultant injury to the plaintiff." *Wooley v. Jackson Hewitt, Inc.*, 540 F.Supp.2d 964, 979 (N.D. Ill. 2008). Here, Plaintiff alleges the Product "is available to consumers from third-parties." (Dkt. 1. ¶ 57.) She alleges she purchased the Product at Walmart. (*Id.* ¶ 58.) She does not allege any

facts from which one could plausibly infer the existence of any contract between her and Defendant. Accordingly, she fails to plead any breach of contract claim.

### 2. The breach of express warranty claims fail for lack of privity and notice.

The breach of express warranty claim fails for lack of privity and pre-suit notice. First, under Illinois law, a claim for breach of express warranty requires privity of contract. *Manley v. Hain Celestial Group, Inc.*, 417 F.Supp.3d 1114, 1125 (N.D. Ill. 2019); *see also Collins Co., Ltd. v. Carboline Co.*, 125 Ill.2d 498, 516 (Ill. 1988). Plaintiff does not allege privity. Instead, she alleges she purchased the Product from Walmart. (Dkt. 1, ¶ 58.)

Second, a buyer must provide pre-suit notice of a warranty claim. *De Falco v. Vibrum USA, Inc.*, No. 12 C 7238, 2013 WL 1122825, at *8 (N.D. Ill. Mar. 18, 2013). An allegation that the plaintiff "provided or will provide notice" to a defendant or its representatives is not a sufficient allegation that notice was in fact timely provided. *Cosgrove v. Oregon Chai*, 520 F.Supp.3d 562, 585 n. 11 (S.D.N.Y. 2021); *accord Campbell v. Whole Foods Market Group, Inc.*, 516 F.Supp.3d 370, 391 (S.D.N.Y. 2021) (an allegation that the plaintiff "provided or will provide notice" was "insufficient to show that the buyer provided timely notice of the alleged breach—the statement is wholly equivocal"). Plaintiff has merely alleged the "formulaic recitation"[2] that she "provided *or will provide*" notice. (Dkt. 1, ¶ 101, emphasis added.) This is insufficient.

### 3. The implied warranty claim fails for lack of privity and notice.

Breach of implied warranty is a contract claim requiring privity of contract. *Voelker v. Porsche Cars North Amer., Inc.*, 353 F.3d 516, 525 (7th Cir. 2003); *Quitno v. General Motors, LLC*, No. 1:18-cv-07598, 2020 WL 777273, at *5 (N.D. Ill. Feb. 18, 2020); *Manley*, 417 F.Supp.3d at 1121. With respect to purely economic losses, an implied warranty can exist only against the

---

[2] *Iqbal*, 556 U.S. at 678.

immediate seller. *Rothe v. Maloney Cadillac, Inc.*, 119 Ill.2d 288, 292, 518 N.E.2d (Ill. 1988). As noted, Plaintiff has not alleged privity with Defendant.

Plaintiff also fails to adequately allege pre-suit notice. Illinois law requires pre-suit notice for an implied warranty claim. *Solvay USA v. Cutting Edge Fabrication, Inc.*, 521 F.Supp.3d 718, 725-26 (N.D. Ill. 2021); *Baldwin v. Star Scientific, Inc.*, 78 F.Supp.3d 724, 742 (N.D. Ill. 2015). As explained, Plaintiff's "wholly equivocal" recitation that she "provided or will provide" notice is insufficient. *Campbell*, 516 F.Supp.3d at 391.

### 4. The Magnuson Moss Warranty Act (MMWA) claim fails.

For several independent reasons, Plaintiff fails to state any MMWA claim. First, because she has failed to state a claim for breach of express or implied warranty under Illinois law, her claim under the MMWA also fails. *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 405 (7th Cir. 2004). The "overwhelming weight of authority" in this district holds that privity is required under the MMWA, as it is under Illinois law. *Kutzler v. Thor Indus., Inc.*, No. 03 C 2389, 2003 WL 21654260, at *6 (N.D. Ill. July 14, 2003) (collecting cases); *accord Quitno, LLC*, 2020 WL 777273, at *5.

Second, the Product label does not constitute a "written warranty" as defined by the MMWA, 15 U.S.C. § 2301(6)(A). "[W]here a label does not promise either that the product is defect free or that it will meet a specified level of performance over a specified period of time, courts hold that those labels do not constitute a written warranty." *Beautiful Home Textiles (USA), Inc. v. Burlington Coat Factory Warehouse Corp.*, No. 13 Civ. 1725 (LGS), 2014 WL 4054240, at *12 (S.D.N.Y. Aug. 15, 2014); *accord Greenfield v. Sears, Roebuck & Co.*, MDL-1703, 2012 WL 1015806, at *3-4 (N.D. Ill. Mar. 22, 2012). In the Complaint, Plaintiff does not identify any promise of a defect-free product or of specified performance over a specified period of time;

instead, she challenges, at most, a product description. *See Gordon v. Sig Sauer, Inc.*, No. 4:19-cv-585, 2020 WL 4783186, at *7 (S.D. Tex. Apr. 20, 2020); *Fernandez v. Atkins Nutritionals, Inc.*, No. 17-cv-01628, 2018 WL 280028, at *13 (S.D. Cal. Jan. 3, 2018).

Third, Plaintiff fails to adequately allege pre-suit notice to Defendant on behalf of a class. *See* 15 U.S.C. § 2310(e). MMWA notice must "be afforded by the named plaintiffs and they shall at that time notify the defendant that they are acting on behalf of the class." *Id.* This provision requires *pre-suit* notice. *Rojas v. Bosch Solar Energy Corp.*, 443 F.Supp.3d 1060, 1079 (N.D. Cal. 2020). Plaintiff has not pled that such notice was given.

Fourth, the Court has no subject matter jurisdiction over the MMWA claims. The MMWA "imposes specific limitations on the exercise of jurisdiction by federal courts[.]" *Floyd v. American Honda Motor Co., Inc.*, 966 F.3d 1027, 1032 (9th Cir. 2020). No MMWA claim is cognizable in federal court "if the action is brought as a class action, and the number of named plaintiffs is less than one hundred." 15 U.S.C. § 2310(d)(3). Here there is only one named plaintiff, not 100 or more. Thus, the MMWA claim must be dismissed for lack of jurisdiction. *Floyd,* 966 F.3d at 1035; *Power v. Subaru of Am., Inc.*, 502 F.Supp.3d 856, 885 (D.N.J. 2020); *but see In re General Motors Air Conditioning Marketing and Sales Practices Litigation*, --- F.Supp.3d ---, 2021 WL 4972636, at *5 (E.D. Mich. Oct. 26, 2021).

**5. The economic loss doctrine bars the negligent misrepresentation claim.**

Plaintiff's negligent misrepresentation claim is barred by the economic loss doctrine. *See Moorman Mfg. Co. v. National Tank Co.*, 91 Ill.2d 69, 88, 61 Ill.Dec. 746, 435 N.E.2d 443 (Ill. 1982); *Manley*, 417 F.Supp.3d at 1120. The doctrine "denies a remedy in tort to a party whose complaint is rooted in disappointed contractual or commercial expectations." *Sienna Court Condo. Assoc. v. Champion Aluminum Corp.*, 432 Ill.Dec. 569, 129 N.E.3d 1112, 1119 (2018). While

Illinois recognizes an exception to the economic loss doctrine for negligent misrepresentation by one who is in the business of supplying information for the guidance of others in their business transactions, "[a]n allegation that a supplier of tangible goods provided information ancillary to the sale of a product would not suffice." *Manley*, 417 F.Supp.3d at 1121; *accord First Midwest Bank, N.A. v. Stewart Title Guar. Co.*, 218 Ill.2d 326, 339, 300 Ill.Dec. 69, 843 N.E.2d 327 (Ill. 2006); *Chiappetta*, 2022 WL 602505, at *7. Here, Plaintiff alleges only economic loss.

**6. The fraud claim fails because Plaintiff does not adequately plead scienter.**

Having failed to plead any misrepresentation in the first place (as already explained), it isn't surprising Plaintiff also has failed to adequately allege scienter. Plaintiffs "must insert 'precision and some measure of substantiation into their allegations of fraud.'" *Quitno*, 2020 WL 777273, at *2 (quoting *United States ex rel. Presser v. Acacia Mental Health Clinic, LLC*, 836 F.3d 770, 776 (7th Cir. 2016)). Plaintiff fails to do so here. She merely makes the boilerplate, conclusory allegation that "Defendant's fraudulent intent is evinced by its knowledge that the Product was not consistent with its representations." (Dkt. 1 ¶ 118.) Courts have found that identical allegations of scienter were "conclusory and, therefore, fall short of what Rule 9(b) requires." *Rudy v. Family Dollar Stores, Inc.*, --- F.Supp.3d ---, No. 21-CV-3575, 2022 WL 345081, at *9 (collecting cases); *accord Chiappetta*, 2022 WL 602505, at *8.

**C. Plaintiff Lacks Standing to Pursue Injunctive Relief.**

Plaintiff does not have Article III standing to pursue injunctive relief. To seek prospective relief, the plaintiff must show she is likely to suffer future injury from the defendant's conduct. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983). That a person was previously harmed is insufficient by itself to establish standing to request injunctive relief. *Schirmer v. Nagode*, 621

F.3d 581, 585-86 (7th Cir. 2010); *see also Berni v. Barilla S.p.A*, 964 F.3d 141, 147 (2d Cir. 2020) (citation omitted); *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 740 (7th Cir. 2014).

"[P]ast purchasers of a consumer product who claim to be deceived by that product's packaging . . . have, at most, alleged a past harm." *Berni*, 964 F.3d at 147. Since Plaintiff "is now aware of [Ferrera's] sales practices, [she] is not likely to be harmed by the practices in the future." *Camasta*, 761 F.3d at 741 (affirming dismissal of claim for injunctive relief); *accord Conrad v. Boiron, Inc.*, No. 13-cv-07903, 2015 WL 7008136, at *2 (N.D. Ill., Nov. 12, 2015).

Plaintiff alleges she "will purchase the Product again when she can do so with the assurance that Product's representations are consistent with their composition." (Doc. 1, ¶ 131.) This is precisely the type of allegation that does not establish standing to seek injunctive relief. *See Elder v. Bimbo Bakeries USA, Inc.*, No. 3:21-cv-637-DWD, 2022 WL 816631, at * (S.D. Ill. Mar. 17, 2022) (allegation that plaintiff "intends to, seeks to, and will purchase the Product again when she can do so with the assurance that Product's representations are consistent with its composition" did not confer standing to seek injunctive relief); *Floyd*, 2022 WL 203071, at *7; *Zahora*, 2021 WL 5140504, at *6; *Bakopoulos v. Mars Petcare US, Inc.*, No. 20 CV 6841, 2021 WL 2915215, at *3 (N.D. Ill. July 12, 2021).

**D. Plaintiff Lacks Standing to Pursue Claims of Out-of-State Consumers Under Other States' Laws.**

In her second cause of action, Plaintiff purports to bring claims on behalf of residents of Arkansas, Iowa, Michigan, Wyoming, Montana, Nebraska, Virginia, Georgia, and West Virginia. (Dkt. 1, ¶¶ 69, 83.) She cannot do so. She does not allege that she ever purchased any of the Products in any of those states.

"The three well-known irreducible constitutional minima of standing are injury-in-fact, causation, and redressability." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018). The plaintiff bears the burden of demonstrating that her injury-in-fact is concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992). Furthermore, [s]tanding is not dispensed in gross[,]"*Lewis v. Casey*, 518 U.S. 343, 358 n.6 (1996), but "is claim-specific and 'a plaintiff must demonstrate standing for *each* claim he seek to press.'" *Harris v. CVS Pharmacy, Inc.*, 2015 WL 4694047, at *4 (C.D. Cal. Aug. 6, 2015) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006)) (emphasis added).

"If a complaint includes multiple claims, at least one named class representative must have Article III standing to raise each claim." *Los Gatos Mercantile, Inc. v. E.I. DuPont De Nemours & Co.*, No. 13-CV-01180-BLF, 2014 WL 4774611, at *4 (N.D. Cal. Sept. 22, 2014) (quotation omitted). "As the party advocating for the application of [other states' laws], Plaintiff must make at least [a] *prima facie* showing that the [other states' laws] apply to him such that he would have standing to bring that claim." *Harris*, 2015 WL 4694047, at *4.

"'Courts routinely dismiss claims' for lack of subject-matter jurisdiction 'where no plaintiff is alleged to reside in a state whose laws the class seeks to enforce' because the named plaintiff lacks standing to invoke the foreign statute." *Id.* (citation omitted); *see also Carpenter v. Petsmart, Inc.*, 441 F.Supp.3d 1028, 1041 (S.D. Cal. 2020); *Jones v. Micron Tech. Inc.*, 400 F.Supp.3d 897, 909 (N.D. Cal. 2019). In *In re Dairy Farmers of America, Inc. Cheese Antitrust Litigation*, No. 09 cv 3690, 2013 WL 4506000 (N.D. Ill. Aug. 23, 2013), for example, the court granted a motion to dismiss in a putative class action where the named plaintiffs "fail[ed] to provide any support establishing their individual standing to assert claims under the laws of states where they neither

reside nor purchased products." *Id.* at *7. The court rejected the plaintiffs' assertion that it should "postpone its inquiry into Article III standing until after class certification." *Id.*

Some courts, however, treat the issue as one concerning Rule 23 compliance, not standing. *See Baldwin v. Star Scientific, Inc.*, 78 F.Supp.3d 724, 733-34 (N.D. Ill. 2015) (collecting cases); *Rawson v. Aldi, Inc.,* No. 21-cv-2811, 2022 WL 1556395, at *5 (N.D. Ill. May 17, 2022) ("Courts in this district have taken different approaches to this question."). Defendant submits the Court should side with those cases that find no standing to pursue claims on behalf of out-of-state consumers under the laws of other states to which the named plaintiff has no connection and in which the plaintiff made no purchase. Put simply, "Plaintiff has not suffered an injury in any state other than Illinois." *Baldwin*, 78 F.Supp.3d at 735. And, as noted, "a plaintiff must demonstrate standing for *each* claim he seek to press." *DaimlerChrysler*, 547 U.S. at 352 (emphasis added). The Court should dismiss the second cause of action.

## V.    CONCLUSION

For the foregoing reasons, Defendant requests that the Court grant its motion to dismiss in its entirety.

Dated:  July 1, 2022

/s/*Sanjay S. Karnik*
AMIN TALATI WASSERMAN, LLP
Sanjay S. Karnik
Illinois Reg. No. 6300156
100 S. Wacker Dr., Suite 2000
Chicago, IL 60606
Telephone: (312) 327-3327
Facsimile: (312) 884-7352
Sanjay@amintalati.com

William P. Cole *(pro hac vice pending)*
Matthew R. Orr *(pro hac vice pending)*
515 South Flower Street, 18th Floor
Los Angeles, CA 90071
Telephone: (213) 933-2330
Facsimile: (312) 884-7352

William@amintalati.com
Matt@amintalati.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of July, 2022, I caused the electronic filing of the foregoing document described as **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** through the CM/ECF system. The aforementioned document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

*/s/ Sanjay Karnik*
Sanjay S. Karnik

16